UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - x

UNITED STATES OF AMERICA          :     SUPERSEDING INDICTMENT

        - v. -                    :     S1 10 Cr. 798 (PAC)

AMAURY LOPEZ JR.,                 :
    a/k/a "Junior,"
AMAURY LOPEZ SR.,                 :
FABIO MOREL,
    a/k/a "Fabian Luna,"          :
    a/k/a "Efrain Delvalle,"
WILLIAM POZO,                     :
MARIBEL LOPEZ,
                                  :
        Defendants.

- - - - - - - - - - - - - - - - - x

## COUNT ONE

The Grand Jury charges:

1. From at least in or about 2002 up to and including September 2010, in the Southern District of New York and elsewhere, AMAURY LOPEZ JR., a/k/a "Junior," AMAURY LOPEZ SR., FABIO MOREL, a/k/a "Fabian Luna," a/k/a "Efrain Delvalle," WILLIAM POZO, and MARIBEL LOPEZ, the defendants, and others known and unknown, unlawfully, intentionally, and knowingly did combine, conspire, confederate and agree together and with each other to violate the narcotics laws of the United States.

2. It was a part and an object of the conspiracy that AMAURY LOPEZ JR., a/k/a "Junior," AMAURY LOPEZ SR., FABIO MOREL, a/k/a "Fabian Luna," a/k/a "Efrain Delvalle," WILLIAM POZO, and MARIBEL LOPEZ, the defendants, and others known and unknown, would and did distribute and possess with intent to

distribute a controlled substance in violation of 21 U.S.C. § 841(a)(1).

3. The controlled substance involved in the offense was five kilograms and more of mixtures and substances containing a detectable amount of cocaine, in violation of Title 21, United States Code, Section 841(b)(1)(A).

## Overt Acts

4. In furtherance of the conspiracy and to effect the illegal object thereof, the following overt acts, among others, were committed in the Southern District of New York and elsewhere:

a. In or about the Fall of 2002, approximately 60 Freund Container cans were shipped to an address in the Bronx, New York for eventual delivery to AMAURY LOPEZ, JR., a/k/a "Junior," the defendant, for the purposes of secreting cocaine.

b. On or about December 30, 2002, approximately $130,000 in cash belonging to AMAURY LOPEZ, JR., a/k/a "Junior," the defendant, was seized from a co-conspirator not charged herein ("CC-1") as he attempted to travel from John F. Kennedy International Airport to Puerto Rico.

c. In or about May 2005, MARIBEL LOPEZ, the defendant, brought approximately $180,000 to AMAURY LOPEZ JR., a/k/a "Junior," in Yonkers, New York to be packaged and shipped to Puerto Rico to purchase cocaine.

d. On or about July 25, 2006, approximately $60,000 in narcotics proceeds were seized from AMAURY LOPEZ JR., a/k/a "Junior," and FABIO MOREL, a/k/a "Fabian Luna," a/k/a "Efrain Delvalle," the defendants, in the Bronx, New York.

e. On or about February 20, 2009, AMAURY LOPEZ SR., the defendant, had a telephone conversation in which he discussed two suitcases of cocaine that had arrived at John F. Kennedy International Airport.

f. On or about March 31, 2009, AMAURY LOPEZ JR., a/k/a "Junior," AMAURY LOPEZ SR., and FABIO MOREL, among others, had a conversation during which AMAURY LOPEZ JR. discussed shipping cocaine from Puerto Rico to New York for sale.

g. On or about April 29, 2010, WILLIAM POZO, the defendant, met FABIO MOREL at a hotel in the Bronx, New York, to pick up approximately four kilograms of cocaine.

h. On or about September 9, 2010, AMAURY LOPEZ JR., a/k/a "Junior," had a telephone conversation in which he discussed a kilo and a half of cocaine that was to be picked up in New York.

(Title 21, United States Code, Section 846.)

FORFEITURE ALLEGATION

5. As a result of committing the controlled substance offense alleged in Count One of this Superseding Indictment, AMAURY LOPEZ JR., a/k/a "Junior," AMAURY LOPEZ SR., FABIO MOREL, a/k/a "Fabian Luna," a/k/a "Efrain Delvalle," WILLIAM POZO, and

MARIBEL LOPEZ, the defendants, shall forfeit to the United States, pursuant to Title 21, United States Code, Section 853, any and all property constituting and derived from any proceeds the defendants obtained directly and indirectly as a result of the offenses and any and all property used and intended to be used in any manner and part to commit and to facilitate the commission of the offense alleged in Count One of this Superseding Indictment

      6.    If any of the above-described forfeitable property, as a result of any act or omission of said defendants:

      a.    cannot be located upon the exercise of due diligence;

      b.    has been transferred or sold to, or deposited with, a third person;

      c.    has been placed beyond the jurisdiction of the Court;

      d.    has been substantially diminished in value; or

     e. has been commingled with other property which cannot be subdivided without difficulty; it is the intent of the United States, pursuant to 21 U.S.C. § 853(p), to seek forfeiture of any other property of said defendants up to the value of the above forfeitable property.

(Title 21, United States Code, Sections 841(a)(1), 846, and 853.)

_____
FOREPERSON

_____
PREET BHARARA
United States Attorney

Form No. USA-33s-274 (Ed. 9-25-58)

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA

- v. -

AMAURY LOPEZ JR.,
a/k/a "Junior,"
AMAURY LOPEZ SR.,
FABIO MOREL,
a/k/a "Fabian Luna,"
a/k/a "Efrain Delvalle,"
WILLIAM POZO,
MARIBEL LOPEZ,

Defendants.

### SUPERSEDING INDICTMENT

S1 10 Cr. 798 (PAC)

(21 U.S.C. §§ 812, 841(a)(1),
841(b)(1)(B), 841(b)(1)(A), 846)

PREET BHARARA
United States Attorney.

_____ Foreperson.

12/13/10  Indictment filed a/w issued

Pitman, M.J.